IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>          Plaintiff,<br><br>    v.<br><br>PREMIER POOLS, INCORPORATED, d/b/a Premier Pools & Spas; P & H PROPERTIES, a California General Partnership,<br><br>          Defendants. | 2:08-cv-02377-GEB-DAD<br><br>ORDER RE: SETTLEMENT AND DISPOSITION; and ORDER CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

        Plaintiff's Status Report filed January 5, 2009, states "Plaintiff and Defendant[s] have settled this action and are in the process of finalizing a settlement agreement." However, Plaintiff fails to indicate when a dispositional document is expected to be filed. Therefore, a dispositional document shall be filed no later than January 26, 2009. See L.R. 16-160(b) (stating a date for filing a document disposing of the action "shall not be more than twenty (20) calendar days from the date of [the settlement] notification . . ."). Failure to file a dispositional document by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.

1  The status (pretrial scheduling) conference scheduled for
2  January 20, 2009, is reset to commence at 9:00 a.m. on March 16,
3  2009, in the event that the above referenced dispositional document
4  is not filed.  Further, a joint status report shall be filed fourteen
5  (14) days prior to the status conference.[1]
6  IT IS SO ORDERED.

Dated:  January 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status (pretrial scheduling) conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2